IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00142-LTB

**ARNOLD JAMES BEGAY**,

     Plaintiff,

v.

**UNITED STATES OF AMERICA**,

     Defendant.

---

### ORDER DISMISSING CASE

---

Plaintiff, Arnold James Begay, is a federal prisoner currently in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Medical Center in Butner, N.C.  As way of background, on or about August 13, 2002, in Crim. No. 1:00-cr-01393-LH, which was filed in the United States District Court for the District of New Mexico, Plaintiff pleaded guilty to the charges of Aggravated Sexual Abuse of a Child and Crime on an Indian Reservation, concerning an incident that occurred in 1998.  He was sentenced to one-hundred and eighty (180) months imprisonment followed by sixty (60) months of supervised release, with a recommendation that his sentence be served in Arizona close to his family.  (*See* 1:00-cr-01393-LH, ECF No. 67) (D.C.N.M.).  Sometime in 2014, Plaintiff was released from imprisonment and on May 19, 2014, jurisdiction over his criminal case was transferred to the United States District Court for the District of Arizona (*see* 1:00-cr-01393-LH, ECF No. 69) (D.C.N.M.) and docketed as Case No: 2:14-cr-50101-SRB-1 (D.C.AZ) in that Court.

As part of the conditions of his Supervised Release, Plaintiff was required to, *inter alia*, participate in sex offender treatment and mental health treatment programs (2:14-cr-50101-SRB-1, ECF No. 2) (D.C.AZ).   On September 9, 2014, the Arizona Probation Office submitted a Petition for the Issuance of a Warrant against Plaintiff for violating the terms of his supervised release due to the fact that he was unsuccessfully discharged from sex offender treatment on September 1, 2014 and was unsuccessfully discharged from the Indian Health Services mental health treatment program (2:14-cr-50101-SRB-1, ECF No. 3) (D.C.AZ).   On or about September 15, 2014, Plaintiff was arrested and detained and counsel was appointed to represent him in connection with his revocation hearing.   Shortly thereafter, Plaintiff's defense counsel filed a motion with the court to hold a hearing as to Plaintiff's competency to proceed based on counsel's communications with Mr. Begay (2:14-cr-50101-SRB-1, ECF No. 9) (D.C. AZ).   Following a hearing held on October 21, 2014, Plaintiff was found to be incompetent to proceed with his probation revocation proceeding.   On October 23, 2014, the Court issued an Order for Plaintiff's hospitalization for treatment to attain competency pursuant to 18 USC § 4241(d)(1) for a reasonable period of time not to exceed four months (2:14-cr-50101-SRB-1, ECF No. 16) (D.C.AZ).   Sometime thereafter, Plaintiff was transferred to the Federal Medical Center ("FMC") in Butner, N.C., where he arrived on or about December 16, 2014.

On January 15, 2015, this Court received a handwritten 16-page "criminal complaint" from Plaintiff identifying the United States of America as the Defendant.   That Complaint contains rambling allegations concerning his alleged probation violation and his competency hearing and subsequent commitment order (ECF No. 1).   The

2

remainder of his allegations concern the conditions of his confinement at the FMC at

Butner, *e.g.*, he is only allowed three showers per week, 5 hours of exercise per week,

and there are no security cameras in various places at the FMC.

On March 27, 2015, Plaintiff filed an Amended Complaint (ECF No. 9) wherein

he names fifty-two (52) defendants including various federal judges, probation officers,

detention centers, BOP facilities, and local and county jails.  These defendants are

located in Arizona, North Carolina, Oklahoma, Georgia, Florida, Nevada and California;

none are located within Colorado.  His allegations, which are rambling at best, again

concern the alleged bases for his probation revocation, his "false imprisonment," and,

tangentially, the conditions of his confinement.  Plaintiff's Amended Complaint and the

current action will be dismissed for the following reasons.

1.    Applicable Legal Principles

In the Prison Litigation Reform Act (PLRA), Pub.L. No. 104–134, 110 Stat. 1321

(1996), Congress adopted major changes affecting federal actions brought by prisoners

in an effort to curb the increasing number of frivolous and harassing law suits brought

by persons in custody. Pertinent to the case at bar is the authority granted to federal

courts for *sua sponte* screening and dismissal of prisoner claims.

Specifically, Congress significantly amended Title 28 of the United States Code,

section 1915, which establishes the criteria for allowing an action to proceed *in forma*

*pauperis* (IFP), *i.e.*, without prepayment of costs.  Section 1915(e) (as amended)

requires the federal courts to review complaints filed by persons that are proceeding *in*

*forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails

to state a claim on which relief may be granted, or seeks monetary relief against a

defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

In addition, Congress enacted a new statutory provision at 28 U.S.C. § 1915A, entitled "Screening," which requires the court to review complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint.  28 U.S.C. § 1915A(b).

Further, the PLRA substantially amended the Civil Rights of Institutionalized Persons Act, 42 U.S.C.A. § 1997e.  In this regard, the PLRA amended section 1997e(c) to require the court "on its own motion or on the motion of a party" to dismiss any action brought by a prisoner with respect to prison conditions under 42 U.S.C. § 1983 if the action is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief."  *See* 42 U.S.C. § 1997e(c)(1).

Plaintiff is considered a "prisoner" as that term is defined under the PLRA, *see* 28 U.S.C. §§ 1915(h); 1915A(c), and he has been granted leave to proceed IFP in this action (ECF No. 11). Thus his allegations must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B).  Moreover, portions of his Amended Complaint concern prison conditions and the Defendants are governmental entities or employees thereof.  Thus, his Complaint must be reviewed under the authority set forth above.  *See Young v. Davis,* 554 F.3d 1254, 1256 (10th Cir. 2009) ("Because Mr. Blaurock is a prisoner suing government officials, the court is required by federal statute to screen his First Amended

4

Complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.").

In reviewing complaints under these statutory provisions, a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.Twombly*, 550 U.S. 554, 556 (2007) (rejecting the traditional standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).  The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by the exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations ... enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]"  *Bell Atlantic Corp.*, 550 U.S. at 555.  Moreover, a legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  *See also Conkleton v. Raemisch*, Civil No. No. 14–1271, ___ Fed. App'x ___, 2015 WL 794901 (10th Cir. Feb. 26, 2015) (upholding in part District Court's dismissal as frivolous of prisoner civil rights complaint); *Ross v. Romero*, 191 Fed. App'x 682 (10th Cir. 2006) (affirming district court's *sua sponte* dismissal of prisoner's civil rights complaint under 28 U.S.C. § 1915(b).

The Court must construe the Amended Complaint liberally because Plaintiff is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's

advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). Notwithstanding, if a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. Despite this relaxed pleading standard, a pro se plaintiff retains "the burden of alleging sufficient facts on which a recognizable legal claim could be based." *Hall*, 935 F.2d at 1110. In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

2.   <u>False Imprisonment claims</u>

Plaintiff makes many allegations of false imprisonment and unlawful punishment. To the extent that Plaintiff is attacking the basis for his current confinement at the FMC for psychiatric evaluation purposes, he must file an action in the United States District Court for the District of Arizona at his Criminal Case No. 2:14-cr-50101-SRB-1. That Court has jurisdiction over his supervised release and consequent commitment order; this Court is without jurisdiction to interfere with Plaintiff's pending probation revocation proceeding and to adjudicate issues relating to his commitment. *See, e.g.*, *Maurietta v. Ciccone*, 305 F.Supp. 775, 784 (W.D. Mo. 1969) (unconvicted inmate confined in a medical center for federal prisoners under an order of commitment "remains the ward of the committing court even though such person is outside the geographical jurisdiction of that court"); *Johnston v. Ciccone*, 260 F. Supp. 553, 555 (W.D. Mo. 1966) (citations

omitted) ("Petitioner may file in the committing court a motion to vacate the order of commitment on the ground that it was erroneously entered."); *Cobb v. Settle*, 209 F. Supp. 759, 761 (W.D. Mo. 1962) ("Absent a showing that the committing court has arbitrarily or unlawfully refused to make a determination as to petitioner's mental competency, this Court will not act on a petition for habeas corpus which in effect seeks a sanity hearing."); *Copley v. Keohane,* Civil No. 97–MC–106, 1997 WL 568012, 1 (N.D.N.Y. Sept. 11, 1997).   *Accord Seelig v. United States*, 310 F.2d 243 (8th Cir. 1962) (holding that, without some request having been made to the committing court for a current consideration of petitioner's condition and a refusal by that court to engage in such consideration as may be legally appropriate in relation to the circumstances, there is no sufficient basis for petitioner to seek a writ of habeas corpus from another District Court).

A federal court which has committed a person as mentally incompetent has a duty to inquire from time to time into the mental status of such person.  *Arco v. Ciccone*, 252 F.Supp. 347, W.D. Mo. 1965), *aff'd*, 359 F.2d 796 (8th Cir. 1966).  It is clear from the docket that Plaintiff has not made any request in the District Court of Arizona for a current consideration of his condition.  Accordingly, this Court is without authority to grant relief on these claims.

2.   Improper Venue

With respect to Plaintiff's remaining claims concerning the conditions of his confinement, *i.e.*, no security cameras, 3 showers a week, 5 one-hour periods of recreation per week, fingerprinting, *etc.*, not only do these allegations fail to state a viable claim for relief, there is no basis for pursuing such claims in this Colorado United

States District Court.  In this regard, Section § 1391(b) of Title 28 United States Code sets forth the rules that govern venue in federal courts.  In general, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

"A court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interest of justice." *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006).  Pursuant to § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Neither the Plaintiff nor Defendants reside in Colorado.  Furthermore, the Complaint does not contain any allegations to indicate that any of the acts complained of occurred in the District of Colorado.  It also does not appear that the interests of justice necessitate a transfer of this action to another jurisdiction as it does not appear that any of the allegations can support a claim for relief against any of the Defendants, regardless of whether his claims are construed as arising under *Bivens v. Six Unknown Named*

*Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)[1] or pursuant to the Federal Tort Claims Act (FTCA).[2]

First, before an action can be instituted under either of these theories, a plaintiff must have exhausted his administrative remedies prior to initiating an action in federal court.  Under the FTCA, this requirement is jurisdictional and cannot be waived.  28 U.S.C. § 2675; *Pipkin v. U.S. Postal Serv.*, 951 F.2d 272, 274 (10th Cir. 1991).  Similarly, although not jurisdictional, federal prisoners suing under *Bivens* first must exhaust inmate grievance procedures prior to instituting suit.  *Porter v. Nussle*, 534 U.S. 516, 525 (2002).[3]  A court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust.  *See Jones V. Bock*, 549 U.S. 199, 215 (2007) (holding that courts can dismiss for failure to state a claim when the existence of an affirmative defense, like a statute of limitations bar, is apparent from the face of the complaint).

Here, on the face of his Amended Complaint, Plaintiff avers that he did not

---

[1]   In *Bivens*, the United States Supreme Court created a cause of action for money damages and injunctive relief against federal officials acting under color of their authority for violations of an individual's constitutional rights, 403 U.S. at 395–97.

[2]   The FTCA allows a plaintiff to assert a "claim for money damages against the United States for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee" of the United States.   28 U.S.C. § 2672.

[3]   The administrative remedy process available to inmates in federal custody is the BOP's Administrative Remedy Program.  *See generally* 28 C.F.R. Part 542, Subpart B.  Under this program, an inmate must first attempt informal resolution of the inmate's grievance.  If unsuccessful, the inmate may then submit a complaint to the Warden of the prison with a copy of the informal resolution attached.  An inmate has twenty days from the time of the incident to submit a complaint to the Warden.  If the inmate is not satisfied with the Warden's response to his complaint, he may appeal to the appropriate Regional Director, and then finally to the Director, National Inmate Appeals, in the Office of the General Counsel.

exhaust available administrative remedies (ECF No. 9, p. 28).  Therefore, he is not

entitled to file for relief in federal court before he has done so.[4]

More importantly, however, Plaintiff's remaining allegations fail to state any viable

claim for relief.  A person in custody has no right to refuse to be fingerprinted, or

handcuffed when transported.  Moreover, the failure to have security cameras and

offering only 3 showers a week and five hours of recreation per week does not violate

any of  Mr. Begay's constitutional rights; nor does it state a negligence claim.  In fact,

none of Mr. Begay's allegations support any type of negligence claim as he does not

allege that he suffered any type of injury or damage as a result of the alleged actions.[5]

The discussion above reveals that this Court is without authority to consider

Plaintiff's unlawful detention claims as he is currently detained by the Order of the

United States District Court for the District of Arizona at docket number 2-14-cr-50101-

SRB-1 (ECF No. 16).  To the extent he seeks to challenge his detention, he must file an

action in that Court under his Criminal Action number, 2-14-cr-50101-SRB-1.  In

addition, to the extent that Plaintiff seeks to bring claims against the various named

Defendants, the discussion above shows that his allegations fail to state any type of

claim for which relief could be granted.  Accordingly, it is

---

[4] Plaintiff should be aware that he is not required to exhaust his unlawful detention claim should
he elect to pursue such claim in the his criminal proceeding pending in the United States District Court for
the District of Arizona.

[5] To prove a claim of negligence, the plaintiff must
establish four essential elements:  (1) that the defendant owed
the plaintiff a duty, (2) that the defendant breached that duty,
(3) that the breach of duty was the proximate cause of the
plaintiff's injury, and (4) that the plaintiff in fact suffered
injuries or damages.  *See, e.g., Portenier v. United States*, 520
Fed. App'x 707, 711 (10th Cir. 2013).

**ORDERED** that the Complaint and this action are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A and/or  42 U.S.C.A. § 1997e. It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this 1st day of April, 2015

BY THE COURT:


     s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court