IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00142-LTB

ARNOLD JAMES BEGAY,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

ORDER DENYING MOTION TO RECONSIDER

On April 20, 2015, Plaintiff Arnold James Begay filed *pro se* an Objection to the April 1, 2015 dismissal of this case. *See* ECF No. 16. The Court must construe the Objection liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the Objection will be construed as a Motion to Reconsider and will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Plaintiff's request as a Motion to Reconsider filed pursuant to Rule 59(e)

because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

In the Rule 59(e) Motion, Plaintiff claims the dismissal and judgment are inconsistent with his complaint regarding his arrest in Flagstaff, Arizona, and his registration as a sex offender with the Pima County, Arizona, Sheriff and seeks a preliminary hearing, apparently in this Court. ECF No. 16 at 1. The Court has reviewed the April 1, 2015 Order Dismissing Case and determines, based on the Court's findings, that Plaintiff fails to demonstrate the Court misapprehended the facts, his position, or the controlling law and that reinstatement of this action is deserving. Accordingly, it is

ORDERED that Plaintiff's April 20, 2015 Objection, ECF No. 16, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e), and the Motion is denied.

DATED at Denver, Colorado, this   26th   day of   January  , 2016.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court